UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER, | No. 2:21-cv-0437 WBS DB |
| Plaintiff, | |
| v. | ORDER |
| AUTHENTIC SOLE LLC, a California Limited Liability Company, | |
| Defendant. | |

This matter came before the undersigned on January 14, 2022, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 17.) Plaintiff's motion seeks default judgment on the complaint's claims that the defendant violated the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. (ECF No. 13-1 at 7.)

Attorney Bradley Smith appeared via Zoom on behalf of the plaintiff. No appearance was made by, on behalf of, the defendant. At that time, oral argument was heard and the motion was taken under submission. Review of plaintiff's briefing, however, finds that the motion cannot be granted on this record.

In this regard, a district court is "required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); see also Fed.

R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "Article III standing is a species of subject matter jurisdiction." Coble v. DeRosia, 823 F. Supp. 2d 1048, 1051 (E.D. Cal. 2011). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

To establish standing generally, a plaintiff must show they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338, (2016). Additionally, "to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)).

In the Ninth Circuit, there are two ways an ADA plaintiff may establish standing: "plaintiff must show … either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury." Chapman, 631 F.3d at 953. The deterrence test still requires an intent to return. Brooke v. Sai Ashish Inc., Case No. 1:21-cv-0967 AWI SAB, 2021 WL 4804220, at *11 (E.D. Cal. Oct., 2021), report and recommendation adopted, 2022 WL 446676 (E.D. Cal. Feb. 14, 2022). If the public accommodation that is being sued is far from the plaintiff's home, a plaintiff must "demonstrate[s] an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008).

A plaintiff's profession of intent to return "without … concrete plans or … any specification" is not sufficient to establish standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992). Similarly, "conclusory statements" of deterrence are insufficient to demonstrate standing. Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015). An ADA plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to

return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." Chapman, 631 F.3d at 953.

Here, plaintiff commenced this action on March 11, 2021, by filing a complaint and completing a Civil Cover Sheet form. According to the complaint the accommodation at issue is in Roseville, California. (Compl. (ECF No. 1) at 1.) The Civil Cover sheet filed on March 11, 2021, however, states that plaintiff resides in "Los Angeles." (ECF No. 1-1 at 1.)

On December 3, 2021, plaintiff filed the pending motion for default judgment along with a declaration in support. The motion for default judgment asserts that "plaintiff lives in this geographical area on a constant and on-going basis." (Pl.'s MDJ (ECF No. 13-1) at 7.) Plaintiff's declaration asserts simply that plaintiff is "in this area on a regular and ongoing basis[.]" (Whitaker Decl. (ECF No. 13-4) at 3.) Then on February 13, 2022—after plaintiff filed the pending motion for default judgment on December 3, 2021—plaintiff commenced another civil action in this court in which plaintiff repeated the assertion that plaintiff resides in Los Angeles. See Whitaker v. Copia Ventures Watt Inc., No. 2:22-cv-0277 WBS AC (Feb. 13, 2022).[1]

In this regard, it is unclear from plaintiff's briefing how close the public accommodation at issue is to plaintiff residence. Indeed, it is unclear where plaintiff resides. And plaintiff's briefing has offered vague, conclusory, and conflicting allegations related to standing. As such, based on the current briefing the undersigned cannot resolve the question of whether plaintiff has satisfied the standing requirement.

////

////

---

[1] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 3, 2021 motion for default judgment (ECF No. 13) is denied without prejudice to renewal.[2]

Dated: August 10, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/whitaker04371.mdj.den.ord

---

[2] Plaintiff may cure the defects noted above by filing an amended motion for default judgment that contains specific factual allegations to satisfy the standing requirement supported by a declaration.